IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OMERO ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-3378 |
| ) | |
| ANTHONY RENTERIA; CHRISTOPHER ) | |
| CALHOUN; TOWN OF CICERO, ) | Honorable Gary Feinerman |
| ILLINOIS, a municipal corporation; and ) | |
| METRO PARAMEDIC SERVICES, INC., ) | Magistrate Judge Sheila M. Finnegan |
| an Illinois corporation; ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, OMERO ORTIZ, by and through his attorney, Dean J. Caras, and complaining of Defendants, ANTHONY RENTERIA; CHRISTOPHER CALHOUN; TOWN OF CICERO, ILLINOIS ("CICERO"), a municipal corporation; and METRO PARAMEDIC SERVICES, INC. ("METRO"), an Illinois corporation; states as follows:

**INTRODUCTION**

1. This is an action for monetary damages brought by Plaintiff, OMERO ORTIZ, against Cicero Fire Department Paramedic ANTHONY RENTERIA, in his official capacity as an agent of CICERO and of METRO, and as a private citizen; Cicero Fire Department Paramedic CHRISTOPHER CALHOUN, in his official capacity as an agent of CICERO and of METRO, and as a private citizen; CICERO, a municipal corporation; and METRO, an Illinois corporation, for an incident occurring on July 4, 2020.

2. This case concerns acts of cruelty committed by the above parties against a severely injured man, Plaintiff, OMERO ORTIZ. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN photographed Plaintiff, OMERO ORTIZ, after his left arm

1

was severed in a blast injury, including a photograph of Plaintiff on the stretcher with a missing arm and Plaintiff's severed hand on the ground, and posted those images to the mobile application Snapchat with captions that stated "Feeling blessed" and included several emojis.

3. Worse, Defendants in this case are among the privileged who enjoy the benefits of the public trust: two current Cicero Fire Department (CFD) Paramedics, employed by CICERO and by METRO. Their actions were abhorrent under the circumstances of what occurred to Plaintiff, OMERO ORTIZ.

4. Plaintiff, OMERO ORTIZ, was lighting a firework mortar on July 4, 2020, when it exploded, causing Plaintiff's left arm to be severed.

5. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were called to the scene to provide medical care.

6. Instead of addressing the medical emergency with the most immediate care and treatment, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN took two photographs of Plaintiff, OMERO ORTIZ, and his injuries, without his consent, and posted those photographs to the mobile application Snapchat with captions that stated "Feeling blessed" and included several emojis.

7. Plaintiff, OMERO ORTIZ, deserves justice. Plaintiff brings this action to hold Defendants accountable for their loathsome misconduct and the harm done to a severely injured man, Plaintiff herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This case presents a federal question under 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within the Northern District of Illinois.

## PARTIES

10. At all times relevant hereto, Plaintiff, OMERO ORTIZ, was and is a resident of the State of Illinois, and is within the jurisdiction of this Court.

11. At all times relevant hereto, Defendant, ANTHONY RENTERIA, was an EMT Paramedic employed by CICERO, through its Fire Department, and by METRO, acting within the scope of his employment and under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois. This defendant is being sued in his individual and official capacities.

12. At all times relevant hereto, Defendant, CHRISTOPHER CALHOUN, was an EMT Paramedic employed by CICERO, through its Fire Department, and by METRO, acting within the scope of his employment and under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois. This defendant is being sued in his individual and official capacities.

13. At all relevant times pertinent to this complaint, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were employed by Defendant CICERO, through its Fire Department, and by METRO, and were acting within the scope of their employment.

14. At all times relevant hereto, Defendant, CICERO, is and was an Illinois municipal corporation, located in the County of Cook, State of Illinois, and was the public employer of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

15. At all relevant times pertinent to this complaint, Defendant CICERO operated the Cicero Fire Department, with its formal headquarters located at 5303 West 25th Street, Cicero, Illinois 60804.

16. At all times relevant hereto, Defendant, METRO, is and was an Illinois corporation, and was the employer of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

**FACTS**

17. On July 4, 2020, Plaintiff, OMERO ORTIZ, was lighting fireworks at 3813 South 57th Court, in the Town of Cicero, County of Cook, State of Illinois.

18. Plaintiff, OMERO ORTIZ, lit a firework mortar which exploded unexpectedly, traumatically amputating his left hand from his arm, his left arm from his body at the shoulder, and burning his right forearm and left leg. Due to the severity and extent of the injury caused and trauma sustained, sinus tachycardia ensued, causing Plaintiff's heart to beat faster and causing loss of blood.

19. Soon thereafter, Cicero Fire Department was contacted, and Emergency Medical Services were dispatched.

20. At 11:53 PM, two EMT Paramedics, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, in the scope of their employment with CICERO and METRO, arrived and began rendering aid to Plaintiff in the form of securing his body onto a gurney and putting him into an ambulance.

21. After placing Plaintiff into an ambulance, instead of taking him immediately and directly to the hospital, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN stopped rendering aid and began taking pictures of both Plaintiff's severed hand and the side of Plaintiff's body where the injury occurred, without his consent.

22. Defendants, ANTHONY RENTERIA and CHRISTOPHER CLHOUN, then captioned their photos of both Plaintiff's severed hand and the graphic and bloody image of Plaintiff's body on the gurney, and disseminated them through Snapchat with captions that contained several emojis and stated "Feeling blessed."

23. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CLHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered grievous injuries.

**COUNT I – 14TH AMENDMENT DUE PROCESS**
**(42 U.S.C. § 1983)**

24. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

25. At all times relevant hereto, Plaintiff, OMERO ORTIZ, had a due process right under the Fourteenth Amendment of the Constitution of the United States to be free from deprivation of rights, privileges, bodily harm, personal property, and his privacy, without his consent.

26. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment as EMT Paramedics employed by CICERO, with the Cicero Fire Department, and by METRO, photographed Plaintiff without his consent and posted those images to Snapchat with disparaging captions.

27. The actions and conduct of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within their capacity as employees of CICERO and of METRO, were so egregious as to shock the conscience.

28. There was no medical or any other legitimate need or justification for Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN to take an unauthorized photograph of Plaintiff and cause it to be published on Snapchat.

29. The actions of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were undertaken with the intent to cause, or were in reckless or negligent disregard of the probability that their conduct would cause, injuries to Plaintiff, OMERO ORTIZ.

30. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and with METRO, Plaintiff, OMERO ORTIZ, suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT II – INVASION OF PRIVACY
### (State Law)

31. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

32. Plaintiff, OMERO ORTIZ, had a reasonable expectation of privacy, and at no time expected that Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, would take a photograph of him and his medical treatment without his consent or that Defendants would publish and use that photograph to slander him.

33. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, through their actions in conspiring and in taking and publishing the photographs, gave publicity to matters concerning Plaintiff, OMERO ORTIZ, that unreasonably places him in a false light and violates his right to privacy.

34. The publication of the photographs and the false light in which Plaintiff, OMERO ORTIZ, was placed would be highly offensive to a reasonable person and served no legitimate public concern.

35. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN acted with action malice in that they knew of, or recklessly disregard, the falsity of the publicized matter and the false light in which Plaintiff, OMERO ORTIZ, would be placed, or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which Plaintiff would be placed.

36. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B.  Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C.  Award costs of this action to Plaintiff, OMERO ORTIZ;

D.  Award punitive damages to Plaintiff, OMERO ORTIZ; and

E.  Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT III – DEFAMATION
### (State Law)

37. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

38. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, through their actions in taking and publishing the photograph and making false statements about Plaintiff, OMERO ORTIZ, thereby defamed Plaintiff.

39. The actions of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were undertaken with the intent to cause, or were in reckless or negligent disregard of the probability that their conduct would cause, injuries to Plaintiff, OMERO ORTIZ.

40. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A.  Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B.  Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C.  Award costs of this action to Plaintiff, OMERO ORTIZ;

D.  Award punitive damages to Plaintiff, OMERO ORTIZ; and

E.  Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (State Law)

41. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

42. The actions and conduct of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in their individual capacity and as EMT paramedics with CICERO and METRO, were extreme and outrageous.

43. Their actions, including taking unauthorized photographs of Plaintiff, OMERO ORTIZ, and publishing them to Snapchat with captions that included emojis and stated "Feeling blessed," were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, emotional distress to Plaintiff.

44. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT V – BREACH OF CONTRACT
### (State Law)

45. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

46. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, as the responding EMT paramedics under the employment of CICERO and METRO, had an implied obligation to treat Plaintiff, OMERO ORTIZ, with the requisite skill and care to furnish medical aid.

47. Taking photographs of Plaintiff, OMERO ORTIZ, without his consent, and then disseminating them to others on Snapchat with insensitive captions, did not assist in providing proper medical care and violated Plaintiff's privacy rights.

48. As a result of the breach by Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered damages.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT VI – CONSPIRACY
### (State Law)

49. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

50. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in concert, reached an agreement among themselves to publish unauthorized photographs of

Plaintiff and to make false statements about him and thereby defame him and invade his privacy.

51. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

52. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

53. The misconduct described herein was objectively unreasonable and was undertaken intentionally or recklessly, in disregard of the truth.

54. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT VII – CONSPIRACY
### (42 U.S.C. § 1983)

55. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

56. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in concert, reached an agreement among themselves to publish unauthorized photographs of

Plaintiff and to make false statements about him and thereby defame him and invade his privacy.

57. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

58. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

59. The misconduct described herein was objectively unreasonable and was undertaken intentionally or recklessly, in disregard of the truth.

60. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT VIII – INDEMNIFICATION
### (State Law)

61. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

62. Illinois law provides that public entities are directed to pay for compensatory damages on any judgment for which its employees are liable while acting within the scope of their employment.

63. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN are or were employees of the Cicero Fire Department, an agency of CICERO, who acted within the scope of their employment in committing the misconduct described above.

64. Under 745 ILCS 10/9-102, a local public entity is required to pay any compensatory damages of a tort judgement for which one or more of its employees while acting within the scope of their employment is liable, as long as the employees' conduct is willful and wanton.

65. Under the Illinois Tort Immunity Act, Defendant, CICERO, is liable to pay any settlement or judgment found against its agents, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, and CICERO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT IX – RESPONDEAT SUPERIOR
### (State Law)

66. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

67. In committing the acts alleged in the preceding paragraphs, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN are or were employees of Defendants CICERO and of METRO, acting at all relevant times within the scope of their employment and under the color of law.

68. Defendant, TOWN OF CICERO, is liable as a principal for all torts committed by its agents.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted,

/s/ *Dean J. Caras*
Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Suite 2312
Chicago, IL 60654
(312) 494-1500
Dean.caras@deancaras.com