UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMERO ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 3378 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ANTHONY RENTERIA, CHRISTOPHER CALHOUN, | ) | |
| TOWN OF CICERO, ILLINOIS, a municipal | ) | |
| corporation, and METRO PARAMEDIC SERVICES, | ) | |
| INC., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Omero Ortiz brings this suit against Anthony Renteria, Christopher Calhoun, the Town of Cicero, and Metro Paramedic Services, Inc., alleging violations of 42 U.S.C. § 1983 and Illinois law. Doc. 9. Cicero moves under Civil Rule 12(b)(6) to dismiss the claims against it. Doc. 14. The motion is granted as to the § 1983 claims. Because the grounds for dismissing the § 1983 claims against Cicero apply to the other defendants as well, the court dismisses those claims in their entirety and exercises its discretion to relinquish its supplemental jurisdiction over the Illinois law claims, though Ortiz will be given an opportunity to replead all his claims.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Ortiz's brief opposing dismissal, so long as those additional facts "are consistent with the

1

pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Ortiz as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

On July 4, 2020, Ortiz was lighting fireworks when one accidentally exploded. Doc. 9 at ¶¶ 17-18. The explosion resulted in the amputation of Ortiz's left hand from his arm and his left arm from his body. *Ibid*. Cicero paramedics Renteria and Calhoun soon arrived, placed Ortiz onto a gurney, and put him into an ambulance. *Id*. at ¶¶ 19-21. Before the ambulance left for the hospital, Renteria and Calhoun took photographs of Ortiz's severed hand and the left side of his body without his consent, and then posted the photographs on Snapchat accompanied by the caption, "Feeling blessed," and several emojis. *Id*. at ¶¶ 21-22.

## Discussion

Ortiz brings two § 1983 claims. The first alleges that Defendants' conduct violated his substantive due process rights under the Fourteenth Amendment's Due Process Clause. *Id*. at ¶¶ 24-30; Doc. 23 at 5-8. A substantive due process claim "is limited to violations of fundamental rights." *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010). In opposing dismissal of his claim, Ortiz forswears reliance on the "conscience shocking" branch of substantive due process doctrine and instead relies exclusively on the submission that Defendants violated his right to medical privacy.

The Seventh Circuit has held that one fundamental right protected by substantive due process is the "right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information—information that most people are reluctant to disclose to

strangers." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010); *see also Coffman v. Indianapolis Fire Dept.*, 578 F.3d 559, 566 (7th Cir. 2009) (recognizing "a 'qualified' constitutional right [under the Due Process Clause] to the confidentiality of medical records and communications"); *Grimes v. Cnty. of Cook*, 455 F. Supp. 3d 630, 638 (N.D. Ill. 2020) (same). That "right is defeasible only upon proof of a strong public interest in access to or dissemination of the information." *Ibid.*; *see also Denius v. Dunlap*, 209 F.3d 944, 956 (7th Cir. 2000) ("[T]his Circuit has outlined a clearly established 'substantial' right in the confidentiality of medical information that can only be overcome by a sufficiently strong state interest.").

Cicero does not argue that the public interest justified Renteria and Calhoun's publication of the photographs of his injuries on Snapchat. Thus, the question whether Ortiz states a due process medical privacy claim turns on whether the photographs disclosed his private medical information. To support his view that they did, Ortiz observes "that he suffered a horrific accident that caused him great bodily harm, in which his arm was amputated from his body," and contends that Renteria and Calhoun's posting of the photographs violated "his fundamental right to privacy of his medical condition, i.e.[,] the unintentional amputation of his arm." Doc. 23 at 7. Ortiz's submission is unpersuasive.

First, the fact that Ortiz was harmed in a "horrific accident" is not private medical information because it is not *medical*. Rather, it concerned a traumatic event—akin to a traffic accident, or a shooting—and the consequences of that event—akin to a broken arm caused by a traffic accident, or a bullet wound caused by a shooting.

Second, at least on the facts alleged, the fact that Ortiz lost his left arm is not private medical information because it is not *private*. As the Seventh Circuit has explained, "the existence and extent of constitutional protection for confidential information [turns on] the type

3

of information involved and the reasonable expectation that that information would remain confidential," and "medical information may be a form of protected confidential information because of its intimate and personal nature." *Denius*, 209 F.3d at 957. Such "intimate and personal" information can include a person's HIV status, *see Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995), use of prescription drugs, *see Schaill v. Tippecanoe Cnty. Sch. Corp.*, 864 F.2d 1309, 1322 n.19 (7th Cir. 1988), or transgender status, *see Grimes*, 455 F. Supp. 3d at 638. Such information does not include matters that are readily observable or ascertainable, such as a person's height and weight, *see Best v. Berard*, 837 F. Supp. 2d 933, 938 (N.D. Ill. 2011), or, in the financial privacy branch of substantive due process doctrine, financial records that had already been made public, *see Chasensky v. Walker*, 740 F.3d 1088, 1096 (7th Cir. 2014). That Ortiz lost his left arm may be medical information, but it is not private medical information, as it is a readily observable condition. Ortiz does not allege that he considers his lost arm *itself*—as opposed to the fact that he lost his arm in a fireworks accident—to be private, nor does he allege that he *could* keep private the fact of his lost arm or even that he has any desire to do so.

Accordingly, Ortiz's substantive due process claim is dismissed. So, too, is his second § 1983 claim, which alleges a conspiracy to violate his constitutional rights, Doc. 9 at ¶¶ 55-60, because he has alleged no underlying constitutional violation. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) (holding that "an actual denial of a civil right is necessary before a cause of action [for conspiracy] arises"). And although only Cicero's motion to dismiss is under submission—Metro Paramedic, Renteria, and Calhoun have moved to dismiss, Doc. 34, but briefing on their motion is not complete, Doc. 35—the grounds for dismissing Ortiz's § 1983 claims against Cicero apply with equal force to all Defendants, so those claims are dismissed in their entirety.

4

That leaves Ortiz's Illinois law claims. Because the parties are not diverse, Ortiz correctly premises subject matter jurisdiction over his Illinois law claims on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Doc. 9 at ¶ 8. Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) ("[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims."). That general rule has three exceptions: "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

None of the exceptions apply here. First, if this court relinquished supplemental jurisdiction over Ortiz's Illinois law claims, he would have one year to refile them in state court regardless of whether their limitations period(s) expired while the case was pending here. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same). Second, substantial federal judicial resources have not yet been committed to the state law claims. Third, it is not "absolutely clear how the [state law] claims can be decided." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Because no exception applies, relinquishing jurisdiction over

5

the Illinois law claims is the appropriate course under § 1367(c)(3). *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82.

## Conclusion

Ortiz's § 1983 claims are dismissed, and the court's supplemental jurisdiction over his Illinois law claims is relinquished under 28 U.S.C. § 1367(c)(3). The dismissal of the § 1983 claims and relinquishment of jurisdiction over the state law claims is without prejudice to Ortiz filing an amended complaint that repleads all his claims. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Ortiz has until November 16, 2021 to file an amended complaint. If he does not do so, the dismissal of the § 1983 claims will convert automatically to a dismissal with prejudice, jurisdiction will be relinquished over the Illinois law claims, and judgment will be entered. If Ortiz repleads, Defendants will have until December 1, 2021 to file a responsive pleading.

November 2, 2021

_____
United States District Judge