**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| OMERO ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-3378 |
| ) | |
| ANTHONY RENTERIA; CHRISTOPHER ) | |
| CALHOUN; TOWN OF CICERO, ) | Honorable Gary Feinerman |
| ILLINOIS, a municipal corporation; and ) | |
| METRO PARAMEDIC SERVICES, INC., ) | Magistrate Judge Sheila M. Finnegan |
| an Illinois corporation; ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, OMERO ORTIZ, by and through his attorney, Dean J. Caras, and complaining of Defendants, ANTHONY RENTERIA; CHRISTOPHER CALHOUN; TOWN OF CICERO, ILLINOIS ("CICERO"), a municipal corporation; and METRO PARAMEDIC SERVICES, INC. ("METRO"), an Illinois corporation; states as follows:

### INTRODUCTION

1. This is an action for monetary damages brought by Plaintiff, OMERO ORTIZ, against Cicero Fire Department Paramedic ANTHONY RENTERIA, in his official capacity as an agent of CICERO and of METRO, and as a private citizen; Cicero Fire Department Paramedic CHRISTOPHER CALHOUN, in his official capacity as an agent of CICERO and of METRO, and as a private citizen; CICERO, a municipal corporation; and METRO, an Illinois corporation, for an incident occurring on July 4, 2020.

2. This case concerns acts of cruelty committed by the above parties against a severely injured man, Plaintiff, OMERO ORTIZ. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN photographed Plaintiff, OMERO ORTIZ, in the private

1

confines of an ambulance, after his left arm was severed in a blast injury, and posted those images to the mobile application Snapchat. One of the at least two photographs Defendants took and posted to Snapchat was of Plaintiff on a stretcher in the ambulance in which the Defendants had placed him, which depicted Plaintiff with a severed left arm, bleeding profusely and in urgent need of medical attention, and which contained the caption "Feeling blessed" along with a "praying hands" emoji. Also posted to Snapchat was a photograph of Plaintiff's severed hand on the ground, which was accompanied with several inappropriate emojis.

3. Worse, Defendants in this case are among the privileged who enjoy the benefits of the public trust: two current Cicero Fire Department (CFD) Paramedics, employed by CICERO and by METRO. Their actions were abhorrent under the circumstances of what occurred to Plaintiff, OMERO ORTIZ.

4. On July 4, 2020, Plaintiff OMERO ORTIZ's left arm was severed in a blast injury.

5. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were called to the scene to provide medical care.

6. Instead of addressing the medical emergency with the most immediate care and treatment, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, while rendering care, took at least two photographs of Plaintiff, OMERO ORTIZ, and his injuries, without his consent, and posted those photographs to the mobile application Snapchat with captions that stated "Feeling blessed" and included several emojis. The photograph that was taken of Plaintiff on the stretcher in the ambulance depicted Plaintiff with a severed left arm, bleeding profusely and in urgent need of medical attention, and that image was accompanied with the "Feeling blessed" and "praying hands" emoji

caption. The other photograph depicted Plaintiff's severed left hand on the ground and was accompanied by four emojis. Those initial Snapchat posts were screenshot and disseminated further through social media.

7. Plaintiff, OMERO ORTIZ, deserves justice. Plaintiff brings this action to hold Defendants accountable for their loathsome misconduct and the harm done to a severely injured man, Plaintiff herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This case presents a federal question under 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within the Northern District of Illinois.

## PARTIES

10. At all times relevant hereto, Plaintiff, OMERO ORTIZ, was and is a resident of the State of Illinois, and is within the jurisdiction of this Court.

11. At all times relevant hereto, Defendant, ANTHONY RENTERIA, was an EMT Paramedic employed by CICERO, through its Fire Department, and by METRO, acting within the scope of his employment and under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois. This defendant is being sued in his individual and official capacities.

12. At all times relevant hereto, Defendant, CHRISTOPHER CALHOUN, was an EMT Paramedic employed by CICERO, through its Fire Department, and by METRO, acting within the scope of his employment and under the color of the statutes, ordinances,

regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois. This defendant is being sued in his individual and official capacities.

13. At all relevant times pertinent to this complaint, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were employed by Defendant CICERO, through its Fire Department, and by METRO, and were acting within the scope of their employment.

14. At all times relevant hereto, Defendant, CICERO, is and was an Illinois municipal corporation, located in the County of Cook, State of Illinois, and was the public employer of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

15. At all relevant times pertinent to this complaint, Defendant CICERO operated the Cicero Fire Department, with its formal headquarters located at 5303 West 25th Street, Cicero, Illinois 60804.

16. At all times relevant hereto, Defendant, METRO, is and was an Illinois corporation, and was the employer of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

## FACTS

17. On July 4, 2020, Plaintiff, OMERO ORTIZ, suffered a traumatic injury at 3813 South 57th Court, in the Town of Cicero, County of Cook, State of Illinois, in which his left hand was amputated from his arm, his left arm was amputated from his body at the shoulder, and his right forearm and left leg were burned. Due to the severity and extent of the injury caused and trauma sustained, sinus tachycardia ensued, causing Plaintiff's heart to beat faster and causing loss of blood.

18. Soon thereafter, Cicero Fire Department was contacted, and Emergency Medical Services were dispatched.

19. At approximately 11:53 PM, two EMT Paramedics, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, in the scope of their employment with CICERO and METRO, arrived and began rendering aid to Plaintiff, secured his body onto a stretcher, and put him into an ambulance.

20. After placing Plaintiff into an ambulance, before taking Plaintiff to the hospital, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN took pictures of both Plaintiff's severed hand and the side of Plaintiff's body where the injury occurred, without his consent.

21. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, then captioned their photos of both Plaintiff's severed hand and the graphic and bloody image of Plaintiff's body on the stretcher inside the ambulance, and disseminated them through Snapchat with captions that contained several emojis and stated "Feeling blessed." The image of Plaintiff's body on the stretcher inside the ambulance was accompanied by the "Feeling blessed" and "praying hands" emoji caption, and depicted primarily Plaintiff's torso, face, and arm where it was severed from his body, a graphic image that depicted Plaintiff bleeding profusely and in urgent need of medical attention. Those initial Snapchat posts were screenshot and disseminated further on Snapchat and on other social media sites.

22. After the incident of July 4, 2020, Plaintiff avoided going out in public or leaving his home, until he was able to obtain a prosthetic arm in December of 2020. Prior to getting a prosthetic arm, Plaintiff remained in his home and relied on his family to take care of him and any errands he needed, such as getting groceries. Plaintiff is still reluctant to go out in

public even with the prosthetic arm, and tries to keep the fact of his missing arm private and hidden from the public.

23. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CLHOUN, acting within the scope of their employment with CICERO and METRO, and acting under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois, Plaintiff suffered grievous injuries.

**COUNT I – 14TH AMENDMENT DUE PROCESS**
**(42 U.S.C. § 1983)**

24. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

25. At all times relevant hereto, Plaintiff, OMERO ORTIZ, had a due process right under the Fourteenth Amendment of the Constitution of the United States to be free from deprivation of rights, privileges, and his privacy, without his consent.

26. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment as EMT Paramedics employed by CICERO, with the Cicero Fire Department, and by METRO, and acting under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois, photographed Plaintiff without his consent, while confined in an ambulance on a stretcher, in which his arm was severed from his body and he was bleeding profusely and in urgent need of medical care, and posted those images to Snapchat with disparaging captions.

27. The actions and conduct of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within their capacity as employees of CICERO and of METRO, and acting under the color of the statutes, ordinances, regulations, duties, medical customs,

and usage of the Town of Cicero and/or the State of Illinois, were so egregious as to shock the conscience.

28. There was no medical or any other legitimate need or justification for Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN to take an unauthorized photograph of Plaintiff and cause it to be published on Snapchat.

29. The actions of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were undertaken with the intent to cause, or were in reckless or negligent disregard of the probability that their conduct would cause, injuries to Plaintiff, OMERO ORTIZ.

30. After the incident of July 4, 2020, Plaintiff avoided going out in public or leaving his home, until he was able to obtain a prosthetic arm in December of 2020. Prior to getting a prosthetic arm, Plaintiff remained in his home and relied on his family to take care of him and any errands he needed, such as getting groceries. Plaintiff is still reluctant to go out in public even with the prosthetic arm, and tries to keep the fact of his missing arm private and hidden from the public.

31. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, disclosed Plaintiff's private medical information when they published the photographs to Snapchat, in particular the photograph of Plaintiff's body on the stretcher inside the ambulance, which depicted Plaintiff bleeding profusely, in dire need of medical attention, and with a serrated and bloody stump below his left shoulder where his left arm had been severed from his body. In doing so, Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and with METRO, and acting under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois, violated

Plaintiff's right to medical privacy, in that they disclosed to others Plaintiff's private medical information without his permission.

32. Plaintiff had a reasonable expectation that the fact that his left arm had been amputated would remain private and not be exposed to the public without his consent. After the horrific incident of July 4, 2020 and traumatizing exposure of his medical condition to the public, Plaintiff avoided going out in public and remained in his home, and did not go out until finally obtaining a prosthetic arm in December of 2020. Plaintiff remains reluctant to go out in public even with the prosthetic, and continues to take pains to avoid revealing to the public the fact of his missing left arm.

33. Plaintiff's medical state in the ambulance, with his recently amputated left arm, loss of massive amounts of blood, and clear need for urgent medical attention, is private medical information that Plaintiff did not wish to expose to the public, and which is constitutionally protected by the Fourteenth Amendment. Plaintiff's amputated left arm is private medical information that he has attempted and continues to attempt to keep private, for fear of further exposure to the public that his left arm had been amputated.

34. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and with METRO, and acting under the color of the statutes, ordinances, regulations, duties, medical customs, and usage of the Town of Cicero and/or the State of Illinois, Plaintiff, OMERO ORTIZ, suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT II – VIOLATION OF ILLINOIS MEDICAL PATIENT RIGHTS ACT
### (State Law)

35. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

36. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, facilitated and allowed for the unlawful disclosure of Plaintiff's private and confidential health information in violation of the Illinois Medical Patient Rights Act, 410 ILCS 50/0.01 *et seq*.

37. The Illinois Medical Patient Rights Act, at 410 ILCS 50/3(d), guarantees every patient the right to privacy and confidentiality in health care.

38. Plaintiff never consented and a reasonable person in Plaintiff's position would not have consented to allowing the release of Plaintiff's private and confidential medical information.

39. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and with METRO, Plaintiff, OMERO ORTIZ, suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT III – INVASION OF PRIVACY
### (State Law)

40. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

41. Plaintiff, OMERO ORTIZ, had a reasonable expectation of privacy, and at no time expected that Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, would take a photograph of him and his medical condition without his consent or that Defendants would publish and use that photograph to slander him.

42. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, through their actions in conspiring and in taking and publishing the photographs, gave publicity to matters concerning Plaintiff, OMERO ORTIZ, that unreasonably places him in a false light and violates his right to privacy, in publishing a photograph of Plaintiff's body inside the ambulance, covered in blood and in urgent need of medical attention, with his left arm severed below the shoulder, accompanied with the caption "Feeling blessed" and a "praying hands" emoji.

10

43. The publication of the photographs and the false light in which Plaintiff, OMERO ORTIZ, was placed would be highly offensive to a reasonable person and served no legitimate public concern.

44. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN acted with actual malice in that they knew of, or recklessly disregard, the falsity of the publicized matter and the false light in which Plaintiff, OMERO ORTIZ, would be placed, or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which Plaintiff would be placed.

45. Furthermore, Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, intruded upon Plaintiff's seclusion in taking and publishing photographs of Plaintiff in a highly distressed medical state inside the ambulance, covered in blood and in urgent need of medical attention, with his left arm severed below the shoulder, and of Plaintiff's severed left hand on the ground, and disseminating those photographs through social media.

46. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT IV – DEFAMATION
### (State Law)

47. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

48. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, through their actions in taking and publishing the photograph and making false statements about Plaintiff, OMERO ORTIZ, thereby defamed Plaintiff.

49. The actions of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN were undertaken with the intent to cause, or were in reckless or negligent disregard of the probability that their conduct would cause, injuries to Plaintiff, OMERO ORTIZ.

50. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (State Law)

51. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

52. The actions and conduct of Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in their individual capacity and as EMT paramedics with CICERO and METRO, were extreme and outrageous.

53. Their actions, including taking unauthorized photographs of Plaintiff, OMERO ORTIZ, and publishing them to Snapchat with captions that included emojis and stated "Feeling blessed," were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

54. Defendants' conduct exceeded all bounds of human decency and is intolerable in a civilized community.

55. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered severe emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT VI – BREACH OF IMPLIED CONTRACT

13

**(State Law)**

56. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

57. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN, as the responding EMT paramedics under the employment of CICERO and METRO, had an implied obligation to treat Plaintiff, OMERO ORTIZ, with the requisite skill and care to furnish medical aid.

58. Taking photographs of Plaintiff, OMERO ORTIZ, without his consent, and then disseminating them to others on Snapchat with insensitive captions, did not assist in providing proper medical care and violated Plaintiff's privacy rights.

59. As a result of the breach by Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered damages.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

**COUNT VII – CONSPIRACY**
**(State Law)**

60. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

61. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in concert, reached an agreement among themselves to publish unauthorized photographs of Plaintiff and to make false statements about him and thereby defame him and invade his privacy.

62. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

63. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

64. The misconduct described herein was objectively unreasonable and was undertaken intentionally or recklessly, in disregard of the truth.

65. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered severe emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

### COUNT VIII – CONSPIRACY
### (42 U.S.C. § 1983)

66. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

67. Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting in concert, reached an agreement among themselves to publish unauthorized photographs of Plaintiff and to make false statements about him and thereby defame him and invade his privacy.

68. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

69. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

70. The misconduct described herein was objectively unreasonable and was undertaken intentionally or recklessly, in disregard of the truth.

71. As a result of the actions of Defendants, ANTHONY RENTERIA and CHRISTOPHER CALHOUN, acting within the scope of their employment with CICERO and METRO, Plaintiff suffered emotional distress and other grievous injuries.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT IX – INDEMNIFICATION
### (State Law)

72. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

73. Illinois law provides that public entities are directed to pay for compensatory damages on any judgment for which its employees are liable while acting within the scope of their employment.

74. Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN are or were employees of the Cicero Fire Department, an agency of CICERO, who acted within the scope of their employment in committing the misconduct described above.

75. Under 745 ILCS 10/9-102, a local public entity is required to pay any compensatory damages of a tort judgement for which one or more of its employees while acting within the scope of their employment is liable, as long as the employees' conduct is willful and wanton.

76. Under the Illinois Tort Immunity Act, Defendant, CICERO, is liable to pay any settlement or judgment found against its agents, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, and CICERO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

## COUNT X – RESPONDEAT SUPERIOR
### (State Law)

77. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

78. In committing the acts alleged in the preceding paragraphs, Defendants ANTHONY RENTERIA and CHRISTOPHER CALHOUN are or were employees of Defendants CICERO and of METRO, acting at all relevant times within the scope of their employment and under the color of law.

79. Defendants, CICERO and METRO, are liable as a principal for all torts committed by their agents, ANTHONY RENTERIA and CHRISTOPHER CALHOUN.

WHEREFORE, Plaintiff, OMERO ORTIZ, respectfully prays that this Honorable Court:

A. Award compensatory damages to Plaintiff, OMERO ORTIZ, and against the above named Defendants, ANTHONY RENTERIA, CHRISTOPHER CALHOUN, CICERO, and METRO, in a sum to be ascertained;

B. Award reasonable attorney's fees and costs to Plaintiff, OMERO ORTIZ;

C. Award costs of this action to Plaintiff, OMERO ORTIZ;

D. Award punitive damages to Plaintiff, OMERO ORTIZ; and

E. Award such other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted,

/s/ *Dean J. Caras*
Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Suite 2312
Chicago, IL 60654
(312) 494-1500
Dean.caras@deancaras.com