**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| OMERO ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-3378 |
| | ) | |
| ANTHONY RENTERIA; CHRISTOPHER | ) | |
| CALHOUN; TOWN OF CICERO, | ) | Honorable Gary Feinerman |
| ILLINOIS, a municipal corporation; and | ) | |
| METRO PARAMEDIC SERVICES, INC., | ) | Magistrate Judge Sheila M. Finnegan |
| an Illinois corporation; | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT TOWN OF CICERO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)

NOW COMES Plaintiff, OMERO ORTIZ, by and through his attorney, Dean J. Caras, and for his Response to Defendant Town of Cicero's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6), states as follows:

### INTRODUCTION

Plaintiff brought a lawsuit against Defendants Town of Cicero, Illinois ("Cicero"), Metro Paramedic Services, Inc. ("Metro"), and two EMT Paramedics, Anthony Renteria ("Renteria") and Christopher Calhoun ("Calhoun"), who were employed by Defendants Cicero and Metro. *See* Plaintiff's Second Amended Complaint, at Dkt. 40. Plaintiff's arm was severed in a blast injury on July 4, 2020. *See* Dkt. 40, ¶ 4. Renteria and Calhoun, in the middle of providing medical assistance to Plaintiff, took photographs of Plaintiff and his injuries, without his consent, in the private confines of the ambulance in which they had placed him, and posted those photographs on the social media mobile application "Snapchat," with false, malicious, and disparaging captions and emojis. *See* Dkt. 40, ¶¶ 2, 6.

1

The fireworks blast injury that caused Plaintiff's arm to be severed occurred "in the backyard or garage area" of Plaintiff's home in the late night of July 4, 2020. *See* Exhibit 1 for a copy of an excerpt from the Cicero PD Incident Report. Plaintiff was placed onto a stretcher and into an ambulance, where the paramedics rendered aid and he was transported to Mt. Sinai Hospital for treatment. *Id.* One of the at least two photographs that the paramedics posted onto Snapchat was taken in the ambulance. The Snapchat post with the caption "Feeling blessed" clearly depicts the floor of the ambulance itself beneath the stretcher, with the shoes of the paramedics partially in frame, at an angle where it is clear that the photograph was taken by the paramedic who only has one shoe visible. In addition, one of the photographs Defendant Cicero provided in discovery shows Plaintiff on the stretcher from a different angle, where other parts of the interior of the ambulance are clearly visible, putting the lie to Defendant Cicero's claim that the picture depicted Plaintiff's "body on a stretcher while over a sidewalk/not in an ambulance as claimed." *See* Defendant Cicero's Motion, at pg. 2, fn. 2. Defendant Cicero inappropriately "notes for Plaintiff's counsel's attention Rule 11(b)(3)'s reminder that pleadings must be factually supportable," when what Defendant Cicero claims that the photograph depicts is completely untrue. *Id.* Plaintiff does not wish to attach these photographs, because of their private nature depicting his missing arm, but will make them available for *in camera* inspection, should this Honorable Court deem it necessary.

Plaintiff brings section 1983 claims against Defendant Cicero (Counts I and VIII), as well as state-law claims of a violation of the Illinois Medical Patients Rights Act (Count II), Invasion of Privacy (Count III), Defamation (Count IV), Intentional Infliction of Emotional Distress (Count V), Breach of Implied Contract (Count VI), Conspiracy under Illinois State Law (Count VII), Indemnification (Count IX), and Respondeat Superior (Count X). Defendant Cicero

previously moved for dismissal, and this Honorable Court dismissed Plaintiff's federal claims *without prejudice*, noting "[t]hat Ortiz lost his left arm may be medical information, but it is not private medical information, as it is a readily observable condition. Ortiz does not allege that he considers his lost arm *itself* – as opposed to the fact that he lost his arm in a fireworks accident – to be private, nor does he allege that he *could* keep private the fact of his lost arm or even that he has any desire to do so." Dkt. 38, at pg. 4.

On November 15, 2021, Plaintiff filed his Second Amended Complaint, addressing the facts that were not directly alleged in Plaintiff's First Amended Complaint that support Plaintiff's attempts and desire to keep the fact that he had lost his arm private. In his Second Amended Complaint, Plaintiff alleges clearly the private nature of his loss of his left arm, in particular that Plaintiff remained in his home and avoided going outside until he was able to obtain a prosthetic arm in December of 2020, and that even today, he is reluctant to go out in public even with the prosthetic arm, and endeavors to keep the fact that he is missing his arm private and hidden from the public. *See* Dkt. 40, ¶ 22.

Therefore, Plaintiff successfully sets out a claim under section 1983 that Defendant Cicero violated his right to medical privacy, as well as its associated claim of conspiracy under section 1983. Additionally, Plaintiff sufficiently alleges state-law claims against Defendant Cicero. As such, Plaintiff's Second Amended Complaint should not be dismissed. In the alternative, Plaintiff respectfully requests leave to amend.

## **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only ''give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). The plaintiff must state a claim that is plausible on its face, which merely means that the plaintiff must allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). "[F]ederal courts may not apply a "'heightened pleading standard" – more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure – in civil rights cases alleging municipal liability under . . . 42 U.S.C. § 1983.'" *White v. City of Chi.*, 829 F.3d 837, 843-44 (7th Cir. 2016) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)).

## ARGUMENT

Just as Defendant Cicero adopts its Motion to Dismiss Plaintiff's First Amended Complaint to the full extent it remains relevant, Plaintiff adopts his Response to Defendant Cicero's Motion to Dismiss Plaintiff's First Amended Complaint as if fully stated herein, to the extent it remains relevant, in response to Defendant Cicero's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* Exhibit 2 for Plaintiff's Response to Defendant Cicero's Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff will respond to Defendant Cicero's Motion with respect to the amendments contained in his Second Amended Complaint, as well any other new arguments Defendant Cicero has made in its Motion.

A. **Plaintiff states sufficient facts to allege against Defendant Cicero a violation of his right to medical privacy, including the facts surrounding his attempts to keep the fact of his missing arm private and hidden from the public.**

Plaintiff's Second Amended Complaint adds factual specificity to the private nature of the loss of his arm, by alleging facts that establish the photography taking place in the private

4

confines of an ambulance, which is not open or visible to the public, and Plaintiff's desire and attempts to keep the loss of his arm hidden from the public after the occurrence.

Defendant Cicero first addresses the allegations regarding the private confines of the ambulance and the graphic nature of Plaintiff's injuries. In doing so, Defendant Cicero fails to address the fact that the interior of an ambulance, where one of the Snapchat photos was taken depicting Plaintiff missing an arm, is certainly not an area that is "publicly observable." The only people in the ambulance would be Plaintiff himself and the paramedic personnel. Plaintiff certainly has the expectation that his medical status in an ambulance, in the middle of the night on a side-street in Cicero, Illinois, would not be broadcast to the public.

Additionally, contrary to Defendant Cicero's argument, Plaintiff's actions taken to hide from the public his missing arm demonstrate that his missing arm was a private medical condition that he has attempted and still attempts to keep private. This Honorable Court's opinion dismissing the First Amended Complaint conceded that Plaintiff's loss of his left arm "may be medical information," but that it was not private because "it is a readily observable condition." Dkt. 38, at pg. 4. Plaintiff's allegations in his Second Amended Complaint establish that Plaintiff only began to become comfortable leaving his house once he was able to secure a prosthetic arm and thereby ensure that his condition was not readily observable. In addition, this Honorable Court emphasized that Plaintiff had not alleged in his First Amended Complaint that he considered his lost arm itself to be private, or that he could keep his lost arm private or even has the desire to do so. Dkt. 38, at pg. 4. Plaintiff's Second Amended Complaint establishes that Plaintiff considered his missing arm to be private medical information that he tried, and still does try, to keep private and hidden from the public, and that he could keep the fact of his missing arm private by avoiding going out in public until securing a prosthetic arm, and now being

somewhat more comfortable going out in public with the prosthetic arm, albeit still reluctantly. *See* Dkt. 40, ¶¶ 22, 30.

Defendant Cicero reads Plaintiff's Second Amended Complaint in an uncharitable fashion, emphasizing the "literal fireworks show" and that the occurrence took place "in the middle of suburban Chicagoland." *See* Defendant Cicero's Motion, at pg. 4. Defendant Cicero reads the facts of the Complaint as if Plaintiff were putting on a public fireworks show for a large crowd, when the facts demonstrate that Plaintiff had been setting off fireworks in his own backyard, around a small group of family and friends. *See also* Exhibit 1. Additionally, even though the fireworks may have been observable in the sky to someone nearby, there is no evidence that Plaintiff himself was visible to anyone else except for the small group he was with when setting off fireworks in his backyard and when his arm was amputated in the horrific accident, and especially not in the ambulance. The facts of the Second Amended Complaint, particularly when viewed in a light favorable to Plaintiff, cannot and do not demonstrate that Plaintiff was observable to the public at any point on the night of the occurrence, before or after his arm was amputated. Therefore, the publication of photographs of Plaintiff with his missing arm on Snapchat was a violation of Plaintiff's right to medical privacy.

**B.**     **The controlling law supports Plaintiff's claims made in his Second Amended Complaint.**

Plaintiff has alleged further specific facts in his Second Amended Complaint to establish more clearly a claim for a violation of his constitutional right to medical privacy. A substantive due process cause of action must be based on a violation of a fundamental right. *Grimes v. Cty. of Cook*, 19 C 6091, 455 F. Supp. 3d 630, 638 (N.D. Ill. Apr. 23, 2020) (quoting *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010)). One fundamental right recognized by the Seventh Circuit is the "right to the privacy of medical, sexual, financial, and perhaps other categories of

6

highly personal information – information that most people are reluctant to disclose to strangers." *Id.* (quoting *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010)).

While *Best v. Berard* supports the assertion that medical privacy does not extend to matters that are readily observable or ascertainable, such as height or weight, the Northern District of Illinois did recognize in that case that the Seventh Circuit has provided for constitutional protection for certain categories of information that are "far more personal, such that their disclosure would lead to greater potential for embarrassment or abuse." 837 F. Supp. 2d 933, 938 (N.D. Ill. 2011). Plaintiff's missing arm is far more personal information than his height and weight, and the disclosure of such has the legitimate potential for embarrassment or abuse of Plaintiff. Additionally, as addressed above, Plaintiff's obtaining a prosthetic arm and only thereafter reluctantly going out in public with it on makes his condition not readily observable, like height or weight, in addition to being more personal and potentially embarrassing.

*Chasensky v. Walker*, 740 F.3d 1088 (7th Cir. 2014), is similarly inapplicable. In that case, the Seventh Circuit held that there was no constitutional right to privacy in *already-published financial information*. *Id*. at 1096. Here, the information that the paramedics published on Snapchat is *medical* information, not financial information, relating to Plaintiff. Additionally, Plaintiff's medical information was not previously published, as it was for the plaintiff in *Chasensky*. Plaintiff here certainly did not "publish" his medical information by getting injured in a horrific accident, in the middle of the night in his own backyard.

This case is similar to *Grimes*, where Judkins disclosed Grimes's private medical information, i.e. the fact that he was trans, to others without his permission. 455 F. Supp. 3d at 638. In that case, this Court found it plausible that Grimes's transgender status was private medical information that he went to great lengths to keep private. *Id.* Similarly, here, Plaintiff

has gone to great lengths to keep the fact of his missing arm private, including avoiding leaving his home until he was able to obtain a prosthetic, and even then doing so very reluctantly. Just as in *Grimes*, it is plausible that Plaintiff is reluctant to disclose to strangers the fact that he is missing an arm. Had these photographs never been published to Snapchat, Plaintiff might have very well been able to keep the fact of his missing arm private to everyone who was not physically present at the scene of the accident, which would be a few members of his family and friends and the paramedics. Instead, his control over his own private medical information was taken from him and broadcast to any number of people who were able to see the images on Snapchat and when they were further disseminated beyond that application to other social media. The caselaw supports the legitimacy of Plaintiff's claim for a violation of medical privacy.

Defendant Cicero goes on to argue on the basis that this Honorable Court decides not to relinquish supplemental jurisdiction over the state law claims. Plaintiff adopts his response to Defendant Cicero's previous motion to dismiss as though fully stated herein. *See* Exhibit 2. Defendant Cicero makes no new argument, other than to address the implied contract theory of the breach of contract claim in Plaintiff's Second Amended Complaint. Defendant Cicero's citation to *Packers Trading Co. v. Commodity Futures Trading Commission*, 972 F.2d 144, 148-149 (7th Cir. 1992), has no applicability whatsoever. In that case, a trader, as a party to a contract, had "unclean hands" because he was trying to manipulate and take advantage of an error. *Id.* That has no applicability to paramedics aiding an individual who was injured in a horrific accident, no matter the illegality of shooting fireworks. It does not change Plaintiff's status as a party to an implied contract with Defendant Cicero by and through its paramedics.

Plaintiff is additionally able to successfully allege a claim for a violation of the Illinois Medical Patients Rights Act ("IMPRA"), 410 ILCS 50/3(d). Subsection 3(d) relates to health-

care providers, which Defendant Cicero's paramedics would certainly qualify. Additionally, although the Department of Insurance is to enforce the provisions of the IMPRA, Defendant Cicero does not point to any language that states that he may not bring a claim under its terms, or that there is no implied right of action under the IMPRA. Therefore, Plaintiff may state a claim under the IMPRA, and has done so.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant Town of Cicero's Rule 12(b)(6) Motion to Dismiss his Second Amended Complaint in its entirety, or in the alternative, grant Plaintiff leave to file an amended complaint, and grant any such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

*/s/ Dean J. Caras*
Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Ste. 2312
Chicago, IL 60654
(312) 494-1500
dean.caras@deancaras.com