IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OMERO ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-3378 |
| ) | |
| ANTHONY RENTERIA; CHRISTOPHER ) | |
| CALHOUN; TOWN OF CICERO, ) | Honorable Gary Feinerman |
| ILLINOIS, a municipal corporation; and ) | |
| METRO PARAMEDIC SERVICES, INC., ) | Magistrate Judge Sheila M. Finnegan |
| an Illinois corporation; ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT TOWN OF CICERO'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**

NOW COMES Plaintiff, OMERO ORTIZ, by and through his attorney, Dean J. Caras, and for his Response to Defendant Town of Cicero's Motion to Dismiss, states as follows:

**INTRODUCTION**

Plaintiff brought a lawsuit against Defendants Town of Cicero, Illinois ("Cicero"), Metro Paramedic Services, Inc. ("Metro"), and two EMT Paramedics, Anthony Renteria ("Renteria") and Christopher Calhoun ("Calhoun"), who were employed by Defendants Cicero and Metro. Plaintiff's arm was severed in a blast injury by a firework on July 4, 2020. Instead of addressing the medical emergency with immediacy, Renteria and Calhoun stopped to take photographs of Plaintiff and his injuries, without his consent, and posted those photographs on the social media mobile application "Snapchat," with disparaging captions and emojis, also without Plaintiff's consent. *See* Plaintiff's Complaint, at ¶¶ 2, 6.

Plaintiff brings nine counts against all Defendants, including Defendant Cicero: Count I – Fourteenth Amendment Due Process under 42 U.S.C. § 1983; Count II – Invasion of Privacy;

1

Plaintiff's Exhibit 2

Count III – Defamation; Count IV – Intentional Infliction of Emotional Distress; Count V – Breach of Contract; Count VI – Conspiracy (Illinois State Law); Count VII – Conspiracy (section 1983); Count VIII – Indemnification; and Count IX – Respondeat Superior.

Only Defendant Cicero now moves to dismiss Plaintiff's claims against it. Plaintiff's claims against Defendant Cicero must not be dismissed, because Plaintiff sufficiently states his causes of action against Cicero under the federal pleading standards. Plaintiff's Complaint pleads sufficient facts to give Defendant Cicero fair notice of his claims and the grounds upon which they rest. Therefore, Defendant Cicero's motion to dismiss should be denied in its entirety.

## **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). The plaintiff must state a claim that is plausible on its face, which merely means that the plaintiff must allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). "[F]ederal courts may not apply a '"heightened pleading standard" – more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure – in civil rights cases alleging municipal liability under . . . 42 U.S.C. § 1983.'" *White v. City of Chi.*, 829 F.3d 837, 843-44 (7th Cir. 2016) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)).

2

**ARGUMENT**

I. **Plaintiff Has Sufficiently Pleaded Facts in His Complaint to Establish a Basis for Indemnification Against Defendant Cicero.**

Plaintiff has sufficiently pleaded facts in his Complaint to establish a claim for indemnification against Defendant Cicero. As a preliminary matter, Defendant Cicero claims that Plaintiff "primarily attempts to hold [it] liable pursuant to indemnification as provided in the Tort Immunity Act." *See* Defendant Cicero's Motion, at pg. 3. That statement is not accurate, as only one of Plaintiff's nine counts against Defendant Cicero is based on the Tort Immunity Act (TIA), although the majority of the remaining counts of the Complaint do allege scope of employment and *respondeat superior* liability against Defendant Cicero.

Under the TIA, "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article[.]" 745 ILCS 10/9-102. In determining scope of employment, Illinois courts generally focus on "whether the employee's act was conducted within the constraints of authorized time and location of the employment and whether the conduct was actuated at least in part by a purpose to further the employer's business." *Wilson v. Clark Oil & Refining Corp.*, 134 Ill. App. 3d 1084, 1089 (5th Dist. 1985) (citing *Sunseri v. Puccia*, 97 Ill. App. 3d 488 (1st Dist. 1981)).

Factors that Illinois courts consider to determine whether conduct, even if unauthorized, is similar or incidental to authorized conduct so as to be within the scope of employment, include: whether the act is commonly done by the employee or servant; the time, place, and purpose of the act; previous relations between the master and servant; whether the act is outside of the master's enterprise; whether the master has reason to expect such an act will be done; the

3

similarity of the act done to the authorized act; and whether the instrumentality by which the servant did the harm has been furnished by the master. *Id.* at 1090 (citing Restatement (Second) of Agency, sec. 229(2) (1958)). The analysis of these factors to determine whether an employee, agent, or servant's act is within the scope of employment is a fact-based determination. *Id.* "Whether an employee has departed from the scope of employment by acting purely for his own interest, rather than at least in part for the employer, is normally a question for the jury." *Sunseri*, 97 Ill. App. 3d at 493.

Defendant Cicero does not cite to any cases to support its argument that dismissal is appropriate on scope of employment grounds in a 12(b)(6) motion to dismiss. Nearly all of the cases Defendant Cicero cites occur at the summary judgment stage. *See Pyne v. Witmer*, 129 Ill. 2d 351 (1989); *Copeland v. County of Macon*, 403 F.3d 929 (7th Cir. 2005); *Deloney v. Bd. of Educ.*, 281 Ill. App. 3d 775 (1st Dist. 1996); *Stern v. Ritz Carlton Chicago*, 299 Ill. App. 3d 674 (1st Dist. 1998). In fact, in *Pyne v. Witmer*, the Illinois Supreme Court upheld the **reversal** of a grant of summary judgment for the employer, finding that circumstantial evidence was offered that would allow a jury to determine whether an employee was still engaged in the defendant employer's business despite a deviation from employment. 129 Ill. 2d at 362-63. In the remaining case Defendant Cicero cites, *Maras v. Milestone, Inc.*, the Second District Appellate Court of Illinois **reversed** the trial court's judgment granting a motion to dismiss on vicarious liability, finding that the alleged acts of the defendant's employees were "natural examples of the sort of behavior that may be a result of dual motivation," i.e. both to serve the employer's purpose and for personal reasons. 348 Ill. App. 3d 1004, 1007-08 (2d Dist. 2004).

Plaintiff's allegations in his First Amended Complaint are sufficient to establish a claim that is plausible on its face regarding scope of employment. The allegations, which are to be

4

taken as true for the purposes of a 12(b)(6) Motion, establish that the paramedics took the photographs and posted them to Snapchat while acting within the scope of their employment of rendering aid to Plaintiff. The EMT Paramedics, Anthony Renteria and Christopher Calhoun, paused in the middle of rendering aid to Plaintiff to take a picture of his severed hand on the ground and a picture of Plaintiff on the gurney, and to post those images to Snapchat. Thus, the allegations are sufficient to establish a claim that Anthony Renteria and Christopher Calhoun were acting in the scope of their employment with Defendant Cicero. Defendant Cicero, as their employer, may still be held liable even if the actions taken by the paramedics were forbidden by Cicero. *See Wilson*, 134 Ill. App. 3d at 1090-91. Whether the actions are actually within the scope of the paramedics' employment is for a jury to determine, and Plaintiff's Complaint should survive the instant Motion to Dismiss so that a jury may resolve that factual question. Plaintiff's claim for indemnification should not be dismissed, nor should any other counts of Plaintiff's complaint be dismissed that state a claim against Defendant Cicero based on Renteria and Calhoun acting within the scope of their employment.

   II.   **Plaintiff Has Sufficiently Pleaded Claims of Substantive Due Process, Invasion of Privacy, Defamation, Intentional Infliction of Emotional Distress, Breach of Contract, and *Respondeat Superior*.**

   A. *Substantive Due Process.*

Plaintiff has sufficiently pleaded a viable substantive due process claim. A substantive due process cause of action must be based on a violation of a fundamental right. *Grimes v. Cty. of Cook*, 19 C 6091, 455 F. Supp. 3d 630, 638 (N.D. Ill. Apr. 23, 2020) (quoting *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010)). One fundamental right recognized by the Seventh Circuit is the "right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information – information that most people are reluctant to disclose to

strangers." *Id.* (quoting *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010)). In order to sustain a substantive due process claim based on medical privacy, a plaintiff does not need to satisfy the conscience-shocking standard, because "medical privacy and conscience shocking are separate and independent means of stating a substantive due process claim." *Id.* at 639.

> i. *Plaintiff alleges the violation of the fundamental right of medical privacy.*

Plaintiff alleges facts that sustain a substantive due process claim based on the fundamental right of medical privacy. Defendant Cicero misstates the law in stating that "[i]n medical privacy claims made under the Fourteenth Amendment, the 'shock the conscience' portion of a substantive due process claim may be relaxed." *See* Defendant Cicero's Motion, at pg. 5. The "shock the conscience" standard is not just "relaxed" in medical privacy claims – it is not the standard that is used for a medical privacy claim. *Logan v. City of Evanston*, 20 C 1323, 20 C 2736, 2020 U.S. Dist. LEXIS 188625, *11 (N.D. Ill. Oct. 12, 2020); *Grimes*, 455 F. Supp. 3d at 639. Defendant Cicero cites to *Logan*, but misstates its holding by stating that the "shock the conscience" standard "may be relaxed," instead of *Logan*'s actual holding that an allegation that a defendant's conduct shocks the conscience is **not necessary** to state a claim for medical privacy. *Logan*, 2020 U.S. Dist. LEXIS 188625, *11.

Defendant Cicero argues that particular scenarios were not met that are entirely irrelevant to the facts of this case, such as there not being a document leak, intimate bedroom activity, or a confidential office visit. *See* Defendant Cicero's Motion, at pg. 5. Defendant then bizarrely seems to place the blame on Plaintiff by stating he was "setting off illicit pyrotechnics . . . when he suffered a catastrophic injury plainly visible to anyone present." *Id.* Defendant Cicero claims without any basis in fact that the incident occurred in plain sight. More crucially, Defendant Cicero fails to cite to any authority that an incident occurring in plain sight (without any legal

6

definition of that phrase) means that one forfeits the right to medical privacy. Plaintiff had the right not to disclose to anyone his medical condition – that he suffered a horrific accident that caused him great bodily harm, in which his arm was amputated from his body. As such, Plaintiff has a fundamental right to privacy of his medical condition, i.e. the unintentional amputation of his arm.

Defendant Cicero bases its argument on the conscience-shocking standard, which is inappropriate for a medical privacy claim. Thus, its citation to *Nelson v. City of Chicago* is inapposite, because the plaintiff in that case did not base her substantive due process claim on a fundamental right, and the Court held there is no fundamental right to employment. 992 F.3d 599, 604 (7th Cir. 2021). Similarly irrelevant is *Olejnik v. England*, in which the Western District of Wisconsin declined to recognize a fundamental right to non-interference with the remains of a decedent family member. 147 F. Supp. 3d 763, 778 (W.D. Wis. 2015). Defendant Cicero, therefore, bases its argument on cases that do not deal with the fundamental right to medical privacy, and its citations to *Nelson* and *Olejnik*, among others, merely serve to confuse the issue of the appropriate standard to be used, which is **not** the conscience-shocking standard. Plaintiff bases his claim of a violation of substantive due process on the fundamental right to medical privacy; therefore, his claim of substantive due process should survive Defendant Cicero's Motion to Dismiss.

        ii.    *Plaintiff sufficiently pleads that the individual defendants acted under color of law.*

Plaintiff sufficiently pleads that Anthony Renteria and Christopher Calhoun acted under color of law in taking photographs of Plaintiff and posting them to Snapchat without his consent, while in the process of rendering aid to Plaintiff in their capacity as EMT Paramedics of the Town of Cicero.

As explained by the United States Supreme Court, actions taken under "color" of law means actions taken under "pretense" of law, and "[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." *Screws v. United States*, 325 U.S. 91, 111 (1945). Determining whether an official was acting under color of law is "largely a question of fact." *Olejnik*, 147 F. Supp. 3d at 771.

Defendant Cicero argues again that the incident alleged in Plaintiff's complaint "occurred in public view on a public street." *See* Defendant Cicero's Motion, at pg. 7. Defendant Cicero fails to explain the import of the incident occurring in public view and how that affects whether EMT Paramedics were acting under color of law. In fact, as alleged in the Complaint, Renteria and Calhoun were acting under color of law in rendering aid to Plaintiff as EMT Paramedics for the Town of Cicero, including securing Plaintiff onto a gurney and putting him into an ambulance, and thus were "undertak[ing] to perform their official duties" under the U.S. Supreme Court precedent of *Screws*. 325 U.S. at 111. In doing so, the actions they took while performing those official duties are included, even if they overstepped their authority in taking photographs of Plaintiff and posting them without his consent while rendering aid. *Id.; see also Cole v. City of Chicago*, 06 C 4704, 2008 U.S. Dist. LEXIS 837 (N.D. Ill. Jan. 4, 2008) (sufficient allegations that paramedic was acting under color of law when he used excessive force while removing plaintiff from ambulance, because it occurred while paramedic was performing official duties, even though paramedics are not allowed to use physical force). Therefore, Plaintiff has sufficiently alleged that Renteria and Calhoun were acting under color of law, and his substantive due process claim against Defendant Cicero should not be dismissed.

B. *Invasion of Privacy*

Plaintiff sufficiently alleges the Illinois state law tort of invasion of privacy against Defendant Cicero. Plaintiff alleges that Renteria and Calhoun took photographs and published them without his consent, with comments that placed Plaintiff in a false light and violated his right to privacy. *See* First Amended Complaint, at pg. 7. Defendant makes the contradictory argument that Plaintiff "does not allege any facts to indicate that defendants portrayed him in a misleading manner whatsoever; the gravamen of his complaint is rather the accuracy with which paramedics broadcast his condition." *See* Defendant Cicero's Motion, at pg. 7. Defendant Cicero fails to explain the distinction between a misleading portrayal and an inaccurate broadcast, which appear to have precisely the same meaning. Defendant Cicero's EMT Paramedics, Renteria and Calhoun, posted photographs of Plaintiff and his severed arm without his consent, along with the caption "feeling blessed" and a praying emoji accompanying the image of Plaintiff on the gurney with a severed arm, and a series of emojis accompanying the image of Plaintiff's severed hand in the grass. "Feeling blessed" is a misleading portrayal of Plaintiff's condition published with actual malice. Taking the allegations of the First Amended Complaint in a light favorable to Plaintiff, the Complaint does sufficiently state a cause of action for invasion of privacy under a false light theory.

Additionally, Plaintiff's allegations sufficiently establish an intrusion upon seclusion claim of invasion of privacy. The allegations of the First Amended Complaint, when viewed in a light favorable to Plaintiff, do not establish that Plaintiff's injury and emergency care occurred in plain view on a public street. All Plaintiff alleged is that the incident occurred at a particular address, **not** that the incident occurred on a public street in a plainly visible area. Defendant Cicero is improperly extrapolating from the facts of the First Amended Complaint to state that

9

the incident occurred in full public view, when that is not a charitable reading of the facts of the Complaint in a light favorable to Plaintiff.

The facts of the Complaint, when viewed in a light favorable to Plaintiff, cannot be said to describe an incident that occurred in full public view, like the facts of *Webb v. CBS Broadcasting, Inc.*, in which the uncontested evidence in the record established that the plaintiffs were videotaped in a backyard that was plainly visible to the public from many vantage points. 08 C 6241, 2011 U.S. Dist. LEXIS 119304, *9 (N.D. Ill. Oct. 17, 2011). *Webb* also differs from the instant case in that the Court in that case was reviewing its summary judgment ruling on a manifest error standard, *Id.* at *1-2, whereas this Honorable Court is analyzing a 12(b)(6) motion to dismiss in a light favorable to Plaintiff. Of course, a summary judgment motion is generally considered after extensive discovery has taken place, as opposed to a 12(b)(6) motion to dismiss a complaint that is based entirely on whether the facts of the Complaint state a cause of action. *Cf. Grimes*, 455 F. Supp. 3d at 640-41. When viewed in a light favorable to Plaintiff, the First Amended Complaint does sufficiently allege an invasion of privacy claim, under either or both of the false light or intrusion upon seclusion theories. Therefore, Plaintiff's invasion of privacy claim should not be dismissed.

    C.  *Defamation*

Plaintiff sufficiently alleges a cause of action under Illinois state law for defamation, for many of the same reasons as above. Defendant Cicero's EMT Paramedics, Renteria and Calhoun, posted photographs of Plaintiff and his severed arm without his consent, along with the caption "feeling blessed" and a praying emoji accompanying the image of Plaintiff on the gurney with a severed arm, and a series of emojis accompanying the image of Plaintiff's severed hand in

the grass. "Feeling blessed" is a misleading portrayal of Plaintiff's condition published with actual malice.

Defendant Cicero cursorily argues that the defense of truth negates Plaintiff's claim for defamation. Defendant Cicero again improperly extrapolates from the allegations of the First Amended Complaint, now to argue that the statement "feeling blessed" is "an expression of gratitude to not have personally experienced the same level of gory accident[.]" *See* Defendant's Motion, at pg. 9. This is not a reasonable interpretation of the statement accompanying the image of Plaintiff on the gurney with a severed arm, when viewed in a light favorable to Plaintiff on a 12(b)(6) motion standard. The false statement is the paramedics, Renteria and Calhoun, expressing that Plaintiff, who just had his arm severed from his body, is "feeling blessed." When viewed in a light favorable to Plaintiff, the claim for defamation should not be dismissed.

D. *Intentional Infliction of Emotional Distress*

Plaintiff sufficiently alleges a cause of action for intentional infliction of emotional distress ("IIED") against Defendant Cicero. Plaintiff has pleaded that the defendants' conduct was extreme and outrageous; that they intended to cause, or acted in reckless disregard of the probability that their conduct would cause, emotional distress to Plaintiff; and that Plaintiff suffered emotional distress. *See* First Amended Complaint, at para. 42-44.

Defendant Cicero's citation to *Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill. App. 3d 30 (1st Dist. 1997), is inapposite. Firstly, *Adams* dealt with an appeal of a judgment notwithstanding the verdict for the defendant attorneys in that case. *Id.* at 32. Nothing in this case supports the assertion that Plaintiff's IIED count in his First Amended Complaint should be dismissed at the pleading stage, because a judgment notwithstanding the verdict is considered after a jury trial has taken place. Additionally, Defendant Cicero miscites the language of *Adams* that the "emotional

11

distress required to support the cause of action must be so severe that no reasonable person could be expected to endure it." *Id.* at 38. Defendant Cicero states that the **conduct** complained of must rise to this level of severity, which is flat-out incorrect. Rather, *Adams* provides that the "[e]xtreme and outrageous conduct sufficient to create liability for intentional infliction of emotional distress is defined as conduct that exceeds all bounds of human decency and that is regarded as intolerable in a civilized community." *Id.*

Defendants' conduct of taking photographs of Plaintiff in a state of severe physical and emotional distress, in which Plaintiff is bloodied and dismembered, and posting those photographs with insensitive, untruthful, and intentionally hurtful captions, is conduct that exceeds all bounds of human decency and which is regarded as intolerable in a civilized community. The conduct is certainly more extreme and outrageous than in Defendant Cicero's exemplar cases cited on page 9 of its Motion. Defendants' conduct is more than unprofessional or tacky – it is insensitive and intentionally hurtful conduct, especially coming from first responders that are supposed to offer care and assistance to an individual that has suffered a catastrophic injury. Defendant Cicero's bizarre characterization of the photographs and statements as a mere "expression of gratitude," and an irrelevant argument that the images were only posted on Snapchat, does nothing to make defendants' conduct less extreme and outrageous. Plaintiff has sufficiently pleaded intentional infliction of emotional distress, and Count IV of his First Amended Complaint should not be dismissed.

E.  Breach of Contract

Plaintiff sufficiently pleads a breach of implied contract by Defendant Cicero in his First Amended Complaint. Defendant Cicero's argument "implied contracts involving municipalities

12

are normally *ultra vires* and cannot be enforced." *See* Defendant's Motion, at pg. 10. There is no support for this statement at all, including in the cases Defendant Cicero cites.

In *Roemheld v. Chicago*, the Illinois Supreme Court held that "[w]here there is a statute or ordinance prescribing the method by which an officer or agent of a municipal corporation may bind the municipality by contract . . . there can be no implied contract or implied liability of such municipality." 231 Ill. 467, 470-71 (1907). Defendant Cicero has not demonstrated a conflicting statute or ordinance here. Additionally, both *Lindahl v. Des Plaines* and *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* stand for the proposition that a municipality shall not be obligated to honor an alleged implied contract *if* it is *ultra vires*, or contrary to statutes or public policy. *Lindahl*, 210 Ill. App. 3d 281, 290 (1st Dist. 1991); *South Suburban*, 166 Ill. App. 3d 361, 366 (1st Dist. 1988). In neither *Lindahl* nor *South Suburban* did the Illinois First District Appellate Court hold that implied contracts are "normally *ultra vires*," but rather that the ones that **are** *ultra vires* cannot be enforced.

Defendant Cicero fails to even make the statement that the implied contract alleged in Count V of Plaintiff's First Amended Complaint is itself *ultra vires* or contrary to statute or public policy, much less argue *how* it is *ultra vires* or contrary to statute or public policy. Failing to do so, this Honorable Court should find that Plaintiff has sufficiently pleaded a breach of implied contract in Count V of his First Amended Complaint.

F.  *Respondeat Superior*

Plaintiff sufficiently pleads Defendant Cicero's liability under *respondeat superior* for the actions of its agents and/or employees, Anthony Renteria and Christopher Calhoun, acting within the scope of their employment. As argued above in subsection I., Plaintiff has sufficiently pleaded at the EMT Paramedics, Renteria and Calhoun, were acting within the scope of their

13

employment when they took pictures of Plaintiff and his severed arm and posted them without his consent and with disparaging and intentionally false and misleading captions.

In *Wilson v. Edward Hospital*, the Illinois Supreme Court held that a negligence cause of action against a hospital based on *respondeat superior* was allowed to survive due to the underlying cause of action for negligence against the doctors that were alleged to be agents of the hospital. 2012 IL 112898, *P24. As argued above, Plaintiff has sufficiently alleged that Anthony Renteria and Christopher Calhoun were agents of Defendant Cicero who were acting within the scope of their employment, in a "short and plain statement" of relief sufficient under Federal Rule of Civil Procedure 8(a)(2). Therefore, for the reasons argued above, Plaintiff's claim of Defendant Cicero's liability under *respondeat superior* should not be dismissed.

### III. Plaintiff's Federal and State Conspiracy Claims Should Not Be Dismissed Because Plaintiff Has Sufficiently Pleaded Substantive Due Process and His Claims Under Illinois State Law.

For the reasons argued above, Plaintiff has sufficiently pleaded a claim for Defendant Cicero's violation of substantive due process pursuant to section 1983. Therefore, Count VII, Plaintiff's claim of conspiracy pursuant to section 1983, should not be dismissed.

Additionally, for the reasons argued above, Plaintiff has sufficiently pleaded a state-law claim for defamation. Furthermore, Count VI of Plaintiff's First Amended Complaint, his state-law claim of conspiracy, also has a basis in Count II (invasion of privacy), Count IV (IIED), and Count V (breach of contract), and not solely Count III (defamation). For the reasons stated above, Plaintiff has also sufficiently pleaded state-law claims for invasion of privacy, IIED, and breach of contract that may form the basis for conspiracy under Count VI. Therefore, Count VI should not be dismissed.

IV. **Plaintiff's Claim for Defamation Should Not Be Dismissed Pursuant to the Tort Immunity Act.**

Plaintiff's claim for defamation should not be dismissed pursuant to the Tort Immunity Act. Defendant Cicero has not provided in its argument any authority that applies a Tort Immunity Act defense in a 12(b)(6) Motion to Dismiss context. Defendant Cicero has not provided any support that allows it to forego its obligation under Federal Rule of Civil Procedure 8(c) to formally raise any affirmative defenses it may have to Plaintiff's claim, including any defenses under the Tort Immunity Act. Because Defendant Cicero does not provide any authority for its argument that a 12(b)(6) motion is a proper venue to raise an affirmative defense under the Tort Immunity Act, Plaintiff's claim for defamation should not be dismissed.

In the alternative, if this Honorable Court finds that Plaintiff has not sufficiently pleaded any of his causes of action in his First Amended Complaint, Plaintiff respectfully requests leave to file an amended complaint.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant Town of Cicero's Rule 12(b)(6) Motion to Dismiss in its entirety, or in the alternative, grant Plaintiff leave to file an amended complaint, and grant any such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

*/s/ Dean J. Caras*
Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Ste. 2312
Chicago, IL 60654
(312) 494-1500
dean.caras@deancaras.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OMERO ORTIZ, ) | |
|     Plaintiff, ) | |
|     v. ) | Case No. 21-cv-3378 |
| ANTHONY RENTERIA; CHRISTOPHER ) | |
| CALHOUN; TOWN OF CICERO, ) | Honorable Gary Feinerman |
| ILLINOIS, a municipal corporation; and ) | |
| METRO PARAMEDIC SERVICES, INC., ) | Magistrate Judge Sheila M. Finnegan |
| an Illinois corporation; ) | JURY TRIAL DEMANDED |
|     Defendants. ) | |

## NOTICE OF FILING

TO:	K. Austin Zimmer (lead atty.)	Andrew Yahres Acker (lead atty.)
	Sean Michael Sullivan	Adam R. Durkin
	Timothy Andrew Martin Woerner	Michael R. Durkin
	Del Galdo Law Group, LLC	Storino, Ramello & Durkin
	1441 S. Harlem Ave.	9501 W. Devon Ave., Ste. 800
	Berwyn, IL 60402	Rosemont, IL 60018
	zimmer@dlglawgroup.com	andrew@srd-law.com
	sullivan@dlglawgroup.com	adurkin@srd-law.com
	woerner@dlglawgroup.com	mdurkin2@srd-law.com
	Attorneys for Town of Cicero	Attorneys for Metro Paramedic Services

    PLEASE TAKE NOTICE that on September 10, 2021, I caused to be filed with the Northern District of Illinois CM/ECF Filing System, **Plaintiff's Response to Defendant Town of Cicero's Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6)**, a copy of which is attached and hereby served upon you.

                                                                                                   */s/ Dean J. Caras*

## CERTIFICATE OF SERVICE

I, an attorney being first duly sworn, depose and state that I served this Notice and its attachments to the attorneys at the email addresses listed above by causing the same to be filed with the CM/ECF Filing System on or before 5:00 p.m. on September 10, 2021.

                                                                                                   */s/ Dean J. Caras*

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Ste. 2312
Chicago, IL 60654
(312) 494-1500
dean.caras@deancaras.com